```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

TERRY HICKS,

      Plaintiff,

v.                              Civil Action No. 2:14-cv-24553

NATIONAL SEATING AND
MOBILITY INC,
a Tennessee Corporation, and
INVACARE OUTCOMES MANAGEMENT,
LLC, a Delaware Limited Liability Company

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending are motions, filed August 14, 2014 by defendant Invacare Outcomes Management, LLC ("Invacare") and August 15, 2014 by defendant National Seating and Mobility, Inc. ("National Seating") to dismiss under Rule 12(b)(6). For the reasons set forth below, both motions are denied.

<u>Background</u>

Plaintiff Terry Hicks ("Mr. Hicks") filed this action in the Circuit Court of Kanawha County, West Virginia on July 7, 2014. Mr. Hicks is a quadriplegic who purchased a powered wheelchair from the defendants. Pl. Comp. ¶ 4. He was injured on August 28, 2013 when the wheelchair improperly accelerated while he was exiting his van. <u>Id.</u> ¶ 6. Prior to the injury,

Invacare had issued a recall of the model wheelchair owned by Mr. Hicks. Id. ¶ 8. Additionally, National Seating had "recently" engaged in repair and maintenance work on his wheelchair. Id. ¶ 7.

Invacare was served with a copy of Mr. Hicks' complaint on July 18, 2014. Invacare filed a timely notice of removal on August 8, 2014. National Seating consented to the removal. The basis for removal is diversity of citizenship.

Invacare's motion argues that Mr. Hicks' complaint is "fatally deficient in providing fair notice" as to the "legal theory or causes of action Plaintiff plans to pursue." Def. Memo. Of Law in Supp. Mot. to Dismiss. *2. National Seating asserts that Mr. Hicks' complaint lacks sufficient factual allegations from which a plausible claim for relief can be discerned.

## Discussion

Federal[1] Rule of Civil Procedure 8(a)(2) requires that a

---

[1] Mr. Hicks cites to the West Virginia Rules of Civil Procedure, and West Virginia case law for the proposition that "the standard to survive a Rule 12(b)(6) Motion to Dismiss . . . is a low one," as well as to lay out the parameters of the notice-pleading standard which remains the governing doctrine in West Virginia. See Pl. Resp. in Opp'n. His citations to West Virginia procedural law are misplaced. Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393, 437(2010) "Under the Erie doctrine, it is long settled, [that] federal

2

plaintiff's complaint contain "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" must amount to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d

---

courts sitting in diversity apply state substantive law and federal procedural law." The court has construed Mr. Hicks' response in opposition to have set forth the appropriate federal standard.

3

342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice"; however, a complaint "does not require 'detailed factual allegations.'" Ashcroft v. Iqbal, 556 U.S. 662, 678(2009). Instead, it need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678 (2009)(a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Stated succinctly, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 at 569; Giarratano, 521 F.3d at 302. Moreover, a district court must "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

There is no question that Mr. Hicks' complaint contains a number of legal conclusions. See Pl. Compl. ¶ 10 ("The acts of the Defendants as aforesaid constitute breach of the Parties contract"), ¶ 11 ("The acts of the Defendants as aforesaid constitutes breach of all applicable warranties as to the power wheel chair at issue"), ¶ 12 ("The acts of the Defendants as aforesaid are otherwise in violation of West Virginia law.").

4

These conclusory statements need not be accepted as true and can be disregarded when evaluating the sufficiency of the complaint. Iqbal, 556 U.S. at 679.[2] Yet, even after removing these statements from consideration, the court can ascertain the nature of the claims set forth by Mr. Hicks from the remaining factual allegations in his complaint.

The complaint sets forth the following facts: Mr. Hicks purchased a powered wheelchair from the defendants. Pl. Comp. ¶ 4. Invacare knew of a defect in that model of wheelchair, and had issued a recall of that model. Id. ¶ 8. National Seating had recently performed repair work on the wheelchair. Id. ¶ 5. Mr. Hicks was injured when, as a result of the defect, the wheelchair improperly accelerated. Id. ¶ 6. The complaint does not describe exactly what happened after the acceleration, or detail the nature of the injuries Mr. Hicks suffered as a result of that acceleration, but it does not need to. Iqbal, 556 U.S. at 678 ("a complaint does not require detailed factual allegations"). These paragraphs are not "threadbare" or "formulaic" recitations of legal elements. They are specific assertions that provide a basic understanding of the conduct and circumstances that lead to the filing of this suit.

---

[2] Legal conclusions can "provide the framework of a complaint" and thereby help a court understand which cause of action, among the variety of choices plausibly raised by factual assertions, the plaintiff is actually pursuing. See Iqbal, 556 U.S. at 679.

5

Drawing "all reasonable . . . inferences from th[e] facts in the plaintiff's favor," it is not difficult to see the contours of a products liability claim, a negligence claim, or both. The plaintiff has plead facts suggesting that he purchased a defective product, that the company that sold it to him knew it was defective, that he sought to have the defect repaired, and that after the repair was supposedly effected, and while using the product in a way that it was clearly intended to be used, it malfunctioned and injured him. It is certainly plausible that a defective, but supposedly repaired, product may have been negligently repaired when the defect materialized again shortly after the repair. It is equally plausible that the company that sold that defective product was aware of the defect—especially when it issued a recall of that product—and thus could be liable for selling a defective product under West Virginia law. See Morningstar v. Black and Decker Mfg. Co., 162 W.Va. 857, 253 S.E.2d 666(1979). Either way, the plaintiff has "nudged [his] claims across the line from conceivable to plausible," Twombley, 550 U.S. at 570, and therefore sets forth enough facts to survive a motion to dismiss.

## Order

Mr. Hicks has pled sufficient facts to set forth a plausible claim for relief which may be granted. Accordingly,

6

the defendants' 12(b)(6) motions to dismiss are denied.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

DATED: October 7, 2014

John T. Copenhaver, Jr.
United States District Judge